UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LOUISA R. CLARKE | ) | CASE NO: 05-30825 |
| Debtor | ) | |
| | ) | |
| LOUISA R. MILES | ) | |
| f/k/a LOUISA R. CLARKE | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | A.P. No: 05-3190 |
| | ) | |
| ZEBEDEE THOMAS CLARKE | ) | |
| | ) | |
| Defendant | ) | |

## <u>ZEBEDEE THOMAS CLARKE'S TRIAL BRIEF</u>
*********

Comes the Defendant, ZEBEDEE THOMAS CLARKE, by counsel, and for his Trial Brief states the following:

## I
## ISSUES

Mrs. Miles has filed a verified complaint to this action alleging that Mr. Clarke violated provisions of the automatic stay. Her complaint fails to state a cause of action upon which she has a right of recovery. It is our position that there has been no action taken by Mr. Clarke, which is a violation of 11 USC section 524 or an attempt to collect a discharged debt as is protected by 11 USC section 524.

*Much of the following was previously set out in Mr. Clarke's Response to the Motion for Summary Judgment, filed on 5-22-2006, document #17.

Although Mrs. Miles contends that she was necessitated in filing this bankruptcy as a result of Mr. Clarke's actions, she failed to even list him as a creditor in her original bankruptcy petition. He was merely added as a creditor on 03-01-2005. Mr. Clarke ceased any activity in State Court to enforce Mrs. Miles payment of a debt during the pendency of the bankruptcy and awaited the outcome of Mrs. Miles bankruptcy before proceeding.

In the course of Mrs. Miles bankruptcy, she did not discharge the mortgage that was secured by the real estate previously owned by Mrs. Miles and Mr. Clarke. Given that this debt was not discharged and not entitled to the protection provided under section 524, none of the actions taken by Mr. Clarke with regards to that debt can be interpreted to be a violation of that injunction. One motion filed reflects the only attempt made to collect a discharged debt and that action has specifically been found not to be a violation of the permanent injunction pursuant to case law cited hereafter. This particular motion was extremely brief, could have taken no more than a few moments to review and was resolved in the first and only Court appearance scheduled for that motion. There are no other allegations of attempts to collect a debt.

The other allegations which are made in the pleading set forth incidents which occurred, but were not actions taken to collect a discharged debt. It is important and appropriate for this Court to know that Mrs. Miles and Mr. Clarke have a child in common. There are child support issues, visitation issues and telephonic contact issues which continue to arise between these parties as it regards to their infant child. Mrs. Miles sets forth in her affidavit that she changed her phone number and had letters forwarded to Mr. Clarke that he could not contact her at work. Now Mrs. Miles

complains that Mr. Clarke communicated with Mr. Miles at his place of work. Is this Court to be forced to ask the question as to how Mr. Clarke is to contact Mrs. Miles with regards to visitation with his child other than the attempts made which are set forth in this complaint?

None of the actions set forth in this complaint, the affidavits attached to the pleadings or relied upon by the plaintiff support of finding that Mr. Clarke was taking action in violation of the permanent injunction with the intent to collect a debt.


## II
## AUTHORITIES

The plaintiff specifically sets out that there were two actions taken by Mr. Clarke which resulted in an attempt to collect a discharged debt. The first device mentioned is a Motion filed on 10-24-2005 seeking to have the Hardin Circuit Court issue a Judgment against the plaintiff. This is the only action taken by Mr. Clarke to in any way attempt to collect any discharged debt and this action was not a violation of 11 USC section 524. The Bankruptcy Court's numerous different jurisdictions throughout the United States have consistently held that a post-discharge action in State Court to determine the dischargeability of a debt not litigated in Bankruptcy Court and for which the State Court has concurrent jurisdiction cannot be a violation of the permanent injunction because the issue is not finalized until the party litigates the issue in a Court of competent jurisdiction. In re Crawford, 183 B.R..103, 33 Collier Bankr.Cas.2d (MB) 1427 (Bankr.W.D.Va. 1995); In re Dickinson, 24 B.R. 547 (Bankr.S.D.Cal.1982); In re Sams, 16 B.R.47 (Bankr. N.D. Ohio 1981); In re Wheathers, 15 B.R. 945, 8 Bankr. Ct. Dec. (CRR) 524, 5

Collier Bankr. Cas. 2d (MB) 935 (Bankr.D.Kan.1981). Clearly this is the situation which we presently have before us.

Mr. Clarke had to seek the State Court's determination given that this debt was in no way litigated at the Bankruptcy Court level and his actions in doing so were not in violation of the permanent injunction. Therefore no right to seek action against Mr. Clarke arose as a result of the filing that motion. In no way does the defendant agree that the filing of this motion was improper.

The second device listed by the plaintiff indicates that the motion filed by Mr. Clarke to request that the debt on the marital residence be refinanced out of his name, is somehow an attempt to collect a discharged debt. Given that this debt was not discharged in the Bankruptcy Court and therefore no permanent injunction arose with regards to this debt, I am unsure as to how the plaintiff could utilize these acts to support an argument that the permanent injunction has been violated. The initial motion to request that Mrs. Miles refinance the debt out of Mr. Clarke's name arose prior to his knowledge of the filing of the her bankruptcy petition. On March 1, 2005 Mrs. Miles added Mr. Clark to the Bankruptcy. Clearly, his efforts were not what prompted her filing. Mr. Clarke's personal need to have the debt refinanced out of his name necessitated the motion. Mr. Clarke's actions with regards to the refinancing of the debt ceased during Mrs. Miles bankruptcy. He took no action during the time in which the stay was in effect and in fact knew that it was necessary for him to wait to determine the outcome of that particular debt before being able to assess what action he could or should take. Once Mrs. Miles' bankruptcy was discharged and she had reaffirmed the debt, he once again filed a motion to have this debt refinanced out of his name. There is no interpretation under which this

could be considered his attempt to collect a discharged debt. Mrs. Miles' responsibility for this debt already existed, as did Mr. Clarke's continued responsibility for that debt. There was certainly no attempt to collect the debt by Mr. Clarke by his request that his name be removed from the mortgage debt.

If in fact there is any interpretation under which these attempts would be a considered collection attempts, then the same case law cited above would apply and the Bankruptcy Courts have uniformly found that this issue is not finalized until the matter is presented to a State Court of competent jurisdiction.

There are no actions set forth by the plaintiff that are attempts to collect a discharged debt. If Mrs. Miles feels that she is being harassed or threatened, it is appropriate for her to take this action to a State Court and file charges for harassment or threats. However, it is not a violation of the permanent injunction. These two divorced parties continue to have a child in common and disputes continue to arise with regards to child support and other issues relating to the child. This Court cannot be expected to scrutinize the actions between divorced parties which are not collection attempts. Complaints of the nature that have been brought before this Court in this action are clearly not attempts to collect a debt.

WHERFORE, for all of the above reasons the plaintiff's within complaint should be DISMISSED.


/s/ Carol B. Meinhart
CAROL B. MEINHART
Attorney for the Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of September, 2006, a true and correct copy of the foregoing was mailed or sent by electronic filing to:

Hon. John M. Nader,
Attorney for Plaintiff
510 West Main Street
Suite 805
Louisville, KY 40202.

<u>/s/ Carol B. Meinhart</u>
CAROL B. MEINHART
MUSSEWLHITE, MEINHART & STAPLES
385 West Lincoln Trail Blvd.
Radcliff, KY 40160
270-351-6032